**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| INTERFACE LINX, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>SOUND UNITED, LLC d/b/a DEFINITIVE TECHNOLOGY, DENON ELECTRONICS (USA), LLC, MARANTZ AMERICA, LLC, AND POLK AUDIO, LLC,<br><br>    Defendants. | Civil Action No. _____<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>Jury Trial Demanded |

**COMPLAINT FOR PATENT INFRINGEMENT**

For its Complaint against Sound United, LLC d/b/a Definitive Technology, Denon Electronics (USA), LLC, Marantz America, LLC, and Polk Audio, LLC, Plaintiff Interface Linx, LLC alleges as follows:

**THE PARTIES**

1.    Plaintiff Interface Linx, LLC ("Interface" or "Plaintiff") is a California limited liability company having a principal place of business at 35 Hugus Alley, Suite 210, Pasadena, CA 91103.

2.    On information and belief, Sound United, LLC ("Sound United") is a limited liability company organized under the laws of Delaware and has its principal place of business at 1 Viper Way, Vista, CA 92081 and has appointed Crystal L. Biggs, 1 Viper Way, Vista, CA 92081, as its agent for service of process.

3.    On information and belief, Polk Audio, LLC ("Polk Audio") is a wholly-owned subsidiary of Sound United, and is a California limited liability company with a principal office

located at 1 Viper Way, Vista, CA 92081 and has appointed Crystal L. Biggs, 1 Viper Way, Vista, CA 92081, as its agent for service of process.

4. On information and belief, Denon Electronics (USA), LLC ("Denon") is a wholly-owned subsidiary of Sound United, and is a limited liability company organized under the laws of Delaware and has its principal place of business at 100 Corporate Drive, Mahwah, NJ 07430 and has appointed The Corporation Trust Company, Corporation Trust Center 1209 Orange St., Wilmington, DE 19801, as its agent for service of process.

5. On information and belief, Marantz America, LLC ("Marantz") is a wholly-owned subsidiary of Sound United, and is a limited liability company organized under the laws of Delaware and has its principal place of business at 100 Corporate Drive, Mahwah, N.J. 07430-2041 and has appointed The Corporation Trust Company, Corporation Trust Center 1209 Orange St., Wilmington, DE 19801, as its agent for service of process. Throughout this pleading, and unless specifically noted otherwise, Defendants Sound United, Polk Audio, Denon, and Marantz will be referenced collectively as the "Sound United Defendants" or "Defendants."

## JURISDICTION AND VENUE

6. This is a civil action for patent infringement arising under the Patent Act of the United States, 35 U.S.C. §§ 1 *et seq*. This court has subject matter jurisdiction of such federal question claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Defendants in this action due to at least one or more of the Defendants' incorporation in Delaware. Defendants have committed acts within this district giving rise to this action and has established minimum contacts with this forum and have purposefully availed themselves of the benefits of the state of Delaware, such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

8. Venue is proper under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because one or

more of the Defendants is incorporated in Delaware.

## INTERFACE'S PATENT-IN-SUIT

9. On January 21, 2003, the United States Patent & Trademark Office duly and legally issued United States Letters Patent No. 6,508,678 ("the '678 Patent"), entitled "Electrical Connector Assembly."

10. The '678 Patent is owned by Interface.

## FIRST CLAIM FOR RELIEF

## AGAINST DEFENDANTS FOR DIRECT, INDUCING, AND CONTRIBUTORY INFRINGEMENT

11. Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1-10 of the Complaint as though fully set forth herein.

12. A true and correct copy of the '678 Patent is attached as Exhibit A and incorporated herein by reference.

13. Defendants have been and now are infringing at least claim 1 of the '678 Patent in this district, and elsewhere in the United Stated by, among other things, making, using (via testing or otherwise), importing, offering for sale, and/or selling products that infringe the '678 Patent.

14. Defendants make, use and sell, within the United States, a plurality of electrical connector assemblies which are integrated into a diverse class of electronic products that infringe the '678 Patent (collectively referred to hereinafter as "Accused Systems"), and which are designed to the specifications of HDMI Type A.

15. The electrical connector assembly of claim 1 offers significant improvements in plug and receptacle design, a benefit to Defendants' customers by greatly improving ease of

connectivity and the potential for data transfer once the connection is made. The physical design, envisioned with great specificity by the '678 Patent, offered such improvements over the prior art that the HDMI standards utilized this design to create the Type A plug and receptacle found on the vast majority of electronic devices today.

16. Defendants make and sell products that utilize the electrical connector assembly of the '678 Patent. These Accused Systems include, for example and without limitation, Sound United Defendants' Soundbars, such as the W Studio Sound Bar System with Wireless Streaming; Sound United Defendants' Soundbars, such as the MagniFi mini Home Theater Sound Bar System; Sound United Defendants' A/V Receivers, such as the AVR-X7200WA 9.2 Channel Full 4K Ultra HD AV Receiver; Sound United Defendants' A/V Receivers, such as the SR7011 9.2 Channel Full 4K Ultra HD AV Surround Receiver with Bluetooth and Wi-Fi; and Sound United Defendants' A/V Separates, such as the AV8802A Network A/V Preamplifier.

17. Defendants' Accused Systems are designed with the first element of claim 1. Specifically, Defendants' Accused Systems require both plugs and receptacles to form the electrical connector assembly and transfer data, including audio and video, over the HDMI connection. This plug must include plug housing with the mating portion within, the mating portion defined by a multi-sided confining wall.

18. Another example of this plug that can be used with Defendants' Accused Systems can be found at Sound United Defendants' website http://manuals.denon.com/HEOSHC/ALL/EN/DRDZSYlybwyfra.php, as shown below:



19.     Defendants' Accused Systems are further designed with the second element of claim 2.  Specifically, Defendants' Accused Systems require both plugs and receptacles to form the electrical connector assembly and transfer data, including audio and video, over the HDMI connection.  This receptacle must include a mating portion with terminals mounted inside within, the mating portion defined by a multi-sided confining wall.

20.     An example of this receptacle can be found at Sound United Defendants' website https://www.definitivetechnology.com/products/w-studio and http://www.soundguys.com/definitive-w-studio-review-4219/, as shown below:


21. Another example of this receptacle can be found at Sound United Defendants' website https://www.polkaudio.com/products/magnifimini, as shown below:



22. An example of this receptacle can also be found at Sound United Defendants' website https://usa.denon.com/us/product/hometheater/receivers/avrx7200wa, as shown below:

The advanced video section features the ability to handle next generation 4K Ultra HD 60 Hz video, with all rear panel HDMI inputs conforming to the latest HDMI 4K 50/60 Hz specification. 4:4:4 Pure Color pass-through is also provided, for compatibility with forthcoming high color resolution 4K Ultra HD content.

There are 3 HDMI outputs (2 for the main room including 1 with Audio Return Channel and 1 for the second zone) that let you enjoy 2 different sources in 2 different rooms at the same time



**HDMI Inputs: Back / Front**
7 / 1

**HDCP 2.2 support**


**HDMI Outputs: Main / Zone**
2 / 1



23. Another example of this receptacle can also be found at Sound United Defendants' website http://www.us.marantz.com/us/Products/Pages/ProductDetails.aspx?CatId=AVReceivers&SubCatId=0&ProductId=SR7011, as shown below:

| | |
|---|---|
| HDMI Inputs: Back / Front | 7 / 1 |
| HDCP2.2 Support | o |
| HDMI Outputs: Main / Zone | 2 / 1 |

24. Defendants' Accused Systems are further designed with the third element of claim 1. HDMI Type A plugs and receptacles, like those used by Defendants in their Accused Systems, are designed with a plurality of confining walls that are specifically designed and oriented. In order for a plug and receptacle to be used together, their confining walls must utilize the same shape, with the plug being sized smaller in order to fit within the receptacle.

25.     In HDMI Type A connectors, like those designed into Defendants' Accused Systems, the first and second sides are found opposite of each other and the first side is longer than the second side.  A pair of third sides are then connected to the opposite ends of the first side, each of the pair being shorter than either the first or second side.  A pair of fourth sides are then connected to the opposite ends of the second side, but the width between the two fourth sides must be less than that between the two third sides.  Finally, a pair of fifth sides are then connected between to connect the third and fourth side of their respective sides, the fifth sides must be angled away from each other while extending from the fourth sides to the third sides that they connect to.  This is illustrated by the following diagram, which has been color coded to follow the claim language and has had each of the sides of the receptacle labeled in accordance with the claim language.



26.     Defendants' Accused Systems are further designed with the fourth element of claim 1.  As shown in the figure above, in HDMI Type A connectors, like those designed into Defendants' Accused Systems, the first and second sides run substantially parallel to each other.

Further, the third sides are substantially perpendicular to the first side.

27. Defendants' Accused Systems are further designed with the final element of claim 1. As shown in the figure above, in HDMI Type A connectors, like those designed into Defendants' Accused Systems, the fourth sides extend obliquely from each end of the second side.

28. The '678 Patent has been cited by over 50 issued patents and published patent applications as relevant prior art.

29. By making, using, importing, selling, and offering for sale such devices, and all like products that are covered by one or more claims of the '678 Patent, including at least claim 1, Defendants have infringed and continue to infringe the '678 Patent, including infringement under 35 U.S.C. § 271.

30. On information and belief, Defendants have also indirectly infringed and continue to indirectly infringe the '678 Patent by actively inducing direct infringement by other persons, such as their customers and end users, who operate systems that embody or otherwise practice one or more of the claims of the '678 Patent, when Defendants had knowledge (or willful blindness thereto) of the '678 Patent and that the activities they were inducing would result in direct infringement by others and intended that their actions would induce direct infringement by others. Defendants intended and were aware that the normal and customary use of the Accused Systems would infringe the '678 Patent.

31. Defendants intended to induce other persons, such as their customers and end users, to directly infringe the '678 Patent by (1) advising or directing them to make, use, sell, or import the Accused Systems, (2) advertising and promoting the use of the Accused Systems, and (3) distributing instructions for using the Accused Systems, all in an infringing manner. On information and belief, Defendants engaged in such inducement to promote the sales of the

Accused Systems, e.g., through user manuals, product support, and marketing materials to actively induce the users of the accused products to infringe the '678 Patent.

32. On information and belief, Defendants have and continue to contribute to infringement other persons, such as their customers and end users, to directly infringe at least claim 1 of the '678 Patent. Defendants contribute to infringement by offering to sell, selling, or importing into the United States materials and apparatus for use with in practicing at least claim 1 of the '678 Patent. Specifically, on information and belief, Defendants know that their products with a HDMI receptacle, for example, and materials and apparatus designed for use with this receptacle, constitutes a material and component part of the invention of the '678 Patent, and is infringing, and that the HDMI receptacle is not a staple article or commodity of commerce suitable for substantial non-infringing use, and it has no use apart from infringing the '678 Patent, all to the benefit of Defendants and their customers.

33. On information and belief, Defendants have had knowledge of the '678 Patent since at least the filing of the original action on April 27, 2017. Despite the knowledge gleaned from the complaint, Defendants have continued their infringing conduct.

34. On information and belief, Defendants will continue to infringe the '678 Patent unless enjoined by this Court.

35. Defendants have been aware of their infringement, and have acted in an egregious and wanton manner by continuing to infringe, constituting willful infringement. Defendants have disregarded, and continue to disregard, an objectively high likelihood that their actions infringe at least claim 1 of the '678 Patent.

36. As a direct and proximate result of Defendants' infringement of the '678 Patent, Interface has been and continues to be, damaged in an amount yet to be determined, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together

with interest and costs as fixed by the Court.

37. Unless a preliminary and permanent injunction are issued enjoining Defendants and their officers, agents, servants and employees, and all others acting on their behalf or in concert with Defendants, from infringing the '678 Patent, Interface will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Interface prays for judgment against Defendants as follows:

(1) For a judicial decree that Defendants have infringed, and continue to infringe, the '678 Patent;

(2) For a judicial decree that Defendants, their respective subsidiaries, officers, agents, servants, employees, licensees, and all other persons or entities acting or attempting to act in active concert or participation with it or acting on their behalf, be preliminarily and permanently enjoined from further infringement of the '678 Patent;

(3) For a judicial decree that order Defendants to account for and pay to Interface all damages caused to Interface by reason of Defendants' infringement pursuant to 35 U.S.C. Section 284, including enhanced damages;

(4) For a judicial decree finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees;

(5) For a judicial decree that Defendants pay an ongoing royalty in an amount to be determined for continued infringement after the date of judgment;

(6) For a judicial decree awarding to Interface pre-judgment and post-judgment interest on the damages caused to it by Defendants' infringement; and

(7) For any such other and further relief as the Court may deem just and proper under the circumstances.

Dated:  August 7, 2017

By: /s/ *Timothy Devlin*
Timothy Devlin (# 4241)
DEVLIN LAW FIRM LLC
1306 N. Broom Street, 1st Floor
Wilmington, DE 19806
302-449-9010
tdevlin@devlinlawfirm.com

John E. Lord (*Pro Hac Vice* Pending)
One LLP
9301 Wilshire Blvd.
Penthouse Suite
Beverly Hills, CA  90210
(310) 954-9497
jlord@onellp.com

***COUNSEL FOR PLAINTIFF
INTERFACE LINX, LLC***